*232]                    *MARCH TERM, 1802.

---

FALCONER *v.* MONTGOMERY *et al.*

*Award.*

Where, on a reference to two persons, with power to choose an umpire, if they should disagree, an umpire is appointed, who receives the statement of the case from the referees, in the absence of the parties, and without hearing them, the award will be set aside.[1]

THIS was a replevin for fifteen hogsheads of rum ; and the matters in dispute were referred to James Currie and David Winchester, with power to choose an umpire, if they disagreed. The two referees met, by consent of parties, in Baltimore ; and both sides were fully heard ; the evidence being all in writing, and no part of it rejected. It appeared, however, that the plaintiff objected to the consideration and decision of any other matter than the claim to the rum, for which the replevin was brought ; while the defendants insisted upon an investigation of all the commercial transactions between the parties. The referees divided in opinion upon these propositions ; and appointing Joseph Williams, as an umpire, they stated to him (in the absence of the parties) the facts, as they had previously appeared to them. The umpire then examined the accounts produced to him (the parties being still absent), concurred in opinion with the referee, who thought that the reference was confined to the dispute about the rum ; and signed, with him, a report, in favor of the plaintiff, for $1837.45 ; but the other referee, persevering in his opinion of the general nature of the subject submitted, declined joining in the report.

Exceptions were filed by the defendants ; but the only one pressed in argument, upon the court, was, " that the umpire had not himself heard, from the parties themselves, their respective allegations and arguments on the merits of the controversy."

For the *defendants*, it was urged, that an umpire, being a judge, ought to hear for himself, and not through another, the evidence and the reasoning, on which he is to decide; that it is also the right of every suitor, *233]  to be heard himself, originally, *and not to have his cause depend

---

[1] Passmore *v.* Pettit, *post*, p. 271.

*Falconer v. Montgomery.*

upon a second-hand report of his proofs and arguments ; and that, in the present instance, the umpire might have been induced to view the facts and principles of the case, in a different point of light, if they had been presented by the parties, who were alone interested to give them all their force. (1 Dall. 293.)

For the *plaintiff*, it was observed, that however widely the parties differed on facts and principles, the referees knew no diversity of sentiment, but upon the single question, how far the rule of reference extended. Their general statements, therefore, to the umpire, were in unison ; and he examined for himself, all the accounts, which the parties had exhibited. It has been decided, in *Hall* v. *Lawrence*, 4 T. R. 589, that the award of an umpire will not be set aside, because he received the evidence from the arbitrators, without examining the witnesses himself, unless such a re-examination was expressly requested.

By THE COURT.—The case of *Hall* v. *Lawrence* was decided in 1792. It is not, therefore, binding upon us, as an authority ; and upon principle, we cannot accede to the decision. The plainest dictates of natural justice must prescribe to every tribunal, the law, that "no man shall be condemned unheard." It is not merely an abstract rule, or positive right ; but it is the result of long experience, and of a wise attention to the feelings and dispositions of human nature. An artless narrative of facts, a natural and ardent course of reasoning, by the party himself, will sometimes have a wonderful effect upon a sound and generous mind ; an effect which the cold and minute details of a reporter, can neither produce nor supplant. Besides there is scarcely a piece of written evidence, or a sentence of oral testimony, that is not susceptible of some explanation, or exposed to some contradiction: there is scarcely an argument that may not be elucidated, so as to insure success ; or controverted, so as to prevent it. To exclude the party, therefore, from the opportunity of interposing, in any of these modes (which the most candid and the most intelligent, but a disinterested, person, may easily overlook), is not only a privation of his right, but an act of injustice to the umpire, whose mind might be materially influenced by such an interposition.

Under these impressions, and upon the single ground to which they relate, we are, unanimously, of opinion, that the report of the referees must be set aside.

Report set aside.

*M. Levy* and *Franklin*, for the plaintiff. *Ingersoll*, *Moylan* and *Hop-kinson*, for the defendants.